**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Michael Elm, Deanna Elm, and
Kirk Elm,

        Plaintiffs,

v.                                                            **MEMORANDUM OF LAW**
                                                          **LAW AND ORDER**
                                                          Civil File No. 06-1817 (MJD/AJB)

Soo Line Railroad, d/b/a CP
Rail System,

        Defendant.

_____

Paula M. Jossart, Ronald J. Barczak, Christopher J. Moreland, and Don C. Aldrich, Yaeger Jungbauer & Barczak, PLC, Counsel for Plaintiffs.

Timothy R. Thornton and Scott G. Knudson, Briggs & Morgan, PA, Counsel for Defendant.

_____

**I.      INTRODUCTION**

This case is before the Court on Plaintiffs' "Emergency Motion to Dismiss Defendant's Notice of Removal as Improvidently Taken." [Docket No. 3.] The Court heard oral arguments on May 18, 2006.

**II.     PROCEDURAL HISTORY**

This action was originally filed by Plaintiffs Michael, Deanna, and Kirk Elm (collectively "the Elms") against CP Rail System ("CP Rail") in Minnesota state

CASE 0:06-cv-01817-JMR-FLN   Document 21   Filed 05/22/06   Page 2 of 12

court.  They sued for personal injuries and property damages suffered as a result of the January 18, 2002 derailment outside Minot, North Dakota ("Minot derailment").  Among other claims, the Elms allege negligent operation of CP Rail's train; failure to properly supervise, regulate and operate the movement of CP Rail's engines and cars; and transportation of hazardous and dangerous chemicals in an dangerous or reckless manner.  (Compl. 3.)  Other plaintiffs have filed similar actions, based on the Minot derailment, in both state and federal courts.

CP Rail removed the case to the United States District Court for the District of Minnesota based on federal question jurisdiction.  Thereafter, the Elms moved to have the case remanded to Hennepin County District Court.  Meanwhile, other United States District Court judges, including Judge Ann D. Montgomery, were considering similar motions to remand made by plaintiffs in their respective cases.  Because the issues were similar, the Elms and CP Rail agreed by stipulation to be bound by Judge Montgomery's decision in Allende v. Soo Line Railroad Company, "if the Allende action [was] remanded to state court."  Elm v. Soo Line Railroad Company, No. 03-6502 (DSD/JSM) (Order Adopting Stipulation, Jan. 21, 2004.)  Based on Judge Montgomery's affirmance of a Report and Recommendation by Magistrate Judge Janie S. Mayeron which determined that there was no complete federal preemption and remand was proper, Judge David S. Doty granted the

court.  They sued for personal injuries and property damages suffered as a result of the January 18, 2002 derailment outside Minot, North Dakota ("Minot derailment").  Among other claims, the Elms allege negligent operation of CP Rail's train; failure to properly supervise, regulate and operate the movement of CP Rail's engines and cars; and transportation of hazardous and dangerous chemicals in an dangerous or reckless manner.  (Compl. 3.)  Other plaintiffs have filed similar actions, based on the Minot derailment, in both state and federal courts.

CP Rail removed the case to the United States District Court for the District of Minnesota based on federal question jurisdiction.  Thereafter, the Elms moved to have the case remanded to Hennepin County District Court.  Meanwhile, other United States District Court judges, including Judge Ann D. Montgomery, were considering similar motions to remand made by plaintiffs in their respective cases.  Because the issues were similar, the Elms and CP Rail agreed by stipulation to be bound by Judge Montgomery's decision in Allende v. Soo Line Railroad Company, "if the Allende action [was] remanded to state court."  Elm v. Soo Line Railroad Company, No. 03-6502 (DSD/JSM) (Order Adopting Stipulation, Jan. 21, 2004.)  Based on Judge Montgomery's affirmance of a Report and Recommendation by Magistrate Judge Janie S. Mayeron which determined that there was no complete federal preemption and remand was proper, Judge David S. Doty granted the

Elm's motion to remand.  Id.  (Order Granting Mot. to Remand, Mar. 5, 2004.) The case was remanded and eventually consolidated with other related cases in front of Judge Anthony Leung of the Minnesota Fourth Judicial District.

This litigation proceeded in Minnesota state court.  Among other motions filed by the parties, CP Rail filed a motion to dismiss, arguing that all of the Elm's causes of action were preempted by the Federal Railroad Safety Act ("FRSA").  49 U.S.C. § 20101 et seq.  In response to this motion, Judge Leung issued an order dismissing "the claims against the Railroad Defendants regarding negligent inspection" and "[t]he claims that the inspections should have been done differently," based on a finding that these claims were preempted by the FRSA. (Order On Mot. to Dismiss and Mot. For Summ. J. on the Issue of Federal Preemption, Doc. No. 1, Ex. 6, at 14-15; Supplemental Order on Mot. to Dismiss on the Issue of Federal Preemption, Doc. No. 6, at 38.)

Meanwhile, another lawsuit relating to the Minot derailment, Lundeen, et al. v. Canadian Pacific Railway Company, followed a similar path, having been filed in Minnesota state court and then removed.  Lundeen v. Canadian Pac. Ry. Co., No. 04-3220 (RHK/AJB).  However, unlike the Elm case, the Lundeen complaint stated a federal claim on its face.  It stated, "[t]he Defendant CPR violated applicable state law, both North Dakota and Minnesota, as well as United States law . . ."  (Lundeen Compl. Count 3, ¶ 5.)  The Lundeen's motion to remand

3

was denied based on the express inclusion of federal law.  <u>Lundeen</u>, 342 F. Supp. 2d 826, 830-31 (D. Minn. 2004).  After the pleadings were amended to excise the words "violations of United States Law," the Lundeen's filed a second remand motion.  Judge Richard H. Kyle determined that the case no longer contained a federal claim and the court had discretion to remand.  <u>Lundeen v. Canadian Pac. Ry. Co.</u>, No. 04-3220, 2005 WL 563111, at *1 (D. Minn. Mar. 9, 2005) (unpublished).  CP Rail appealed the remand order to the United States Court of Appeals for the Eighth Circuit Court.

On May 16, 2006, days into the <u>Elm</u> trial, a three-judge panel of the United States Court of Appeals for the Eighth Circuit issued its decision on the <u>Lundeen</u> appeal.  <u>Lundeen, et al. v. Canadian Pac. Ry.</u>, No. 05-1918, slip op. (8th Cir. May 16, 2006).  The Eighth Circuit determined that the Lundeen's negligent track inspection claims were preempted by the FRSA, conferring subject matter jurisdiction on the federal district court and making the remand improper.  <u>Id.</u> at 23-24.  Consequently, the <u>Lundeen</u> matter was remanded back to the federal district court for further proceedings.  <u>Id.</u>

CP Rail interpreted the <u>Lundeen</u> case as holding that "federal jurisdiction exists for claims arising out of the 2002 Minot derailment."  (CP Rail Notice of Removal, Doc. No. 1 at 2.)  Based upon this interpretation, CP Rail filed a second Notice of Removal pursuant to 28 U.S.C. § 1446(b) in the <u>Elm</u> case.  (Doc. No. 1.)

The Elms responded by filing the instant "emergency" motion attempting to avoid removal in order to continue the latent trial in front of Judge Leung.  (Doc. No. 3.)

## III.  DISCUSSION

In this case the Court is asked to decide one very narrow issue: whether CP Rail's second Notice of Removal is untimely under 28 U.S.C. § 1446(b).  In relevant part, 28 U.S.C. § 1446(b) states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

In order to determine whether CP Rail's removal was timely under 28 U.S.C. § 1446(b), the Court must decide whether the Lundeen opinion constitutes an "other paper," and if not, whether Lundeen is an "order" contemplated by 28 U.S.C. § 1446(b).  To answer whether Lundeen is an "order," the Court must examine how closely connected the legal and factual circumstances of the two cases are.

### A.    "Other Paper"

CP Rail contends that the Eighth Circuit Court of Appeals decision in Lundeen constitutes an "other paper" which allows them thirty days from the issuance of the Lundeen decision to file the second notice of removal.

5

When faced with the issue of what Congress meant by an "other paper" in 28 U.S.C. § 1446(b), courts have generally held that "other paper" refers "solely to documents generated within the state court litigation itself." State of Minn. v. Pharmacia Corp., No. 05-1394, 2005 WL 2739297, at *2 (D. Minn. Oct. 24, 2005) (unpublished) (citing Johansen v. Employee Ben. Claims, Inc., 668 F. Supp. 1294, 1296 (D. Minn. 1989)).  Only two district courts appear to have stated otherwise. See Davis v. Time Ins. Co., 698 F. Supp. 1317, 1321 (S.D. Miss. 1988) (suggesting that where a new Supreme Court decision indicates that a case is subject to federal preemption, this changes the character of the litigation so as to make it removable to federal court); Smith v. Burroughs Corp., 670 F. Supp. 740, 741 (E.D. Mich. 1987) (holding a defendant can remove a case under § 1446(b) based on a decision in a separate case; however, a subsequent Eastern District of Michigan case refused to follow this holding, Kocaj v. Chrysler Corp., 794 F. Supp. 234, 236 (E.D. Mich. 1992)).  The majority of courts have determined that a decision in a separate case cannot constitute an "other paper" under 28 U.S.C. § 1446(b).  See Green v. R. J. Reynolds Tobacco Co., 274 F.3d 263, 266-67 (5th Cir. 2001) (setting forth a thorough analysis of previous cases holding that "other paper" does not embrace an order from a separate case).

The Elm and Lundeen cases were not part of the same state court action. The Court does not find any reason to stray from the sound reasoning set forth by

its sister courts that orders in separate cases do not constitute "other papers" under 28 U.S.C. § 1446(b). Accordingly, the <u>Lundeen</u> decision does not constitute an "other paper" and CP Rail's removal on that basis was improper.

### B.     "Order"

CP Rail, relying on three cases with self-styled "extremely confined" holdings, argues that the <u>Lundeen</u> decision should be considered an "order" under 28 U.S.C. § 1446(b). See <u>Doe v. Am. Red Cross</u>, 14 F.3d 196, 202 (3rd Cir. 1993). Accordingly, the Court will first examine those cases and then apply them to the present circumstances.

#### 1.     <u>Doe v. American Red Cross</u>

In <u>Doe v. American Red Cross</u>, 14 F.3d at 202-03, the Third Circuit held, based on very narrow factual circumstances, that a decision in an unrelated case, but which involves the same defendant and a similar factual situation can constitute an "order" to allow removal under § 1446(b). However, the Supreme Court's decision upon which the American Red Cross based removal was found by the court to be a "direction authoritatively given to the Red Cross and any party who might litigate against the Red Cross" that federal jurisdiction would apply. <u>Id.</u> at 201. Examining the underlying case, <u>American Red Cross v. S.G.</u>, 505 U.S. 247, 257 (1992), it is apparent that the Supreme Court's determination that Congress had expressly authorized the Red Cross to sue and be sued in federal

court was meant to apply to every case involving the Red Cross.  Accordingly, the Third Circuit's determination that S.G. should constitute an "order" in Red Cross is understandable as S.G. removed any doubt that federal jurisdiction should apply in Red Cross.

### 2. Green v. R. J. Reynolds Tobacco Company

The second case cited by CP Rail is Green v. R.J. Reynolds Tobacco Company, 274 F.3d 263 (5th Cir. 2001).  Green, faced with similar circumstances as those in Red Cross, namely, the same defendant and factual circumstances as the case that conferred removal, depended entirely on the rationale of Red Cross and held that removal under 28 U.S.C. § 1446(b) was timely.

### 3. Curtis v. Altria Group

Finally, CP Rail argues that this Court should follow the rationale employed by Chief District Court Judge James M. Rosenbaum in Curtis v. Altria Group, No. 05-2231, slip. op. at 29 (D. Minn. Feb. 14, 2006).  In that case, Judge Rosenbaum adopted the reasoning set forth in Green, concluding that the cases before the court "involve[d] in some cases identical and in others virtually indistinguishable parties, the identical legal issue, and the same factual context," as the case upon which removal was based.  Id. (emphasis added).

### 4. Application to Elm

At first glance, this case may appear to fit nicely into the exception created

by the Red Cross/Green/Curtis trilogy as it does involve the same defendant and similar factual circumstances as Lundeen. However, upon further analysis, the Court determines that the Lundeen case should not be considered an "order" allowing removal under 28 U.S.C. § 1446(b).

First, it is important to recognize that the entire line of cases allowing removal spawned from Red Cross. Unlike Red Cross, however, the Lundeen decision does not contain an express directive that it shall apply to other cases involving CP Rail. Cf. Doe v. Am. Red Cross, 14 F.3d at 201. In contrast, the Lundeen decision contains no language directing other courts to apply it to all cases involving either CP Rail, the FRSA, or the Minot derailment.

Second, unlike the Red Cross/Green/Curtis trilogy, Lundeen was narrowly tailored, focusing only on negligent track inspection claims. Lundeen determined that the negligent track inspection claims were completely preempted by the FRSA "following the logic in In Re Derailment . . ." Lundeen, No. 05-1918, slip op. at 23 (8th Cir. May 16, 2006). Notably, this is the same conclusion made by Judge Leung when he dismissed the negligent track inspection claims in Elm. Practically foreshadowing the outcome of Lundeen, Judge Leung, also relying on In re Derailment Cases, 416 F.3d at 791 (8th Cir. 2005), stated,

> [t]hese [causes of action] allege that the Railroad Defendants failed to find the broken joint that caused the Minot derailment on January 18, 2002. Among other things, the complaint alleges that there were methods available other than riding over the rail, such as walking on

>foot or using the Kraut-Kramer machine to inspect the rail.  The case
>law indicates that such claims are preempted.

(Order On Mot. to Dismiss and Mot. For Summ. J. on the Issue of Federal Preemption, Doc. No. 1, Ex. 6, at 14.)   Later, in his Supplemental Order on Motion to Dismiss on the Issue of Federal Preemption, Judge Leung clarified that, "consistent with Scottsbluff, [In re Derailment Cases] this Court concluded that Defendants had met all the Easterwood principles for preemption with respect to Plaintiffs' claim that Defendants negligently inspected the tracks themselves by not using more stringent inspection methods such as the Kraut-Kramer."  (Doc. No. 6, at 38.)  Since the negligent track inspection claims have already been dismissed in Elm, Lundeen's holding does not directly apply to Elm.

### C.     Local Rule 7.1(b)

"A remand order is case dispositive."  Haag v. Hartford Life & Accident Ins. Co., 188 F. Supp. 2d 1135, 1136 (D. Minn. 2002).  Local Rule 7.1(b) applies to dispositive motions.  It requires a moving party to file a motion, notice of motion, and memorandum of law at least 45 days prior to a hearing upon the motion.  D. Minn. LR 7.1(b).

CP Rail argues that the Court should not determine this matter because the Elms have not filed a remand motion and CP Rail has not been given the 45 days to respond as required by Local Rule 7.1(b).  The Court does not find this

argument convincing.

The application of local rules is a matter peculiarly within the district court's province.  Yannacopoulos v. Gen. Dynamics Corp., 75 F.3d 1298, 1305 (8th Cir. 1996).  Furthermore, the "court is vested with a large measure of discretion in applying local rules."  Gen. Am. Life Ins. Co. Sales Practices Litig., 268 F.3d 627, 633 (8th Cir. 2001) (reversed on other grounds by In re Gen. American Life Ins. Co. Sales Practices Litig., 302 F.3d 799 (8th Cir. 2002).  The Court has determined that exigent circumstances exist in this matter, warranting an exception to Local Rule 7.1(b).  The parties have had ample opportunity to submit briefing and orally advocate their positions.  The Court has carefully weighed those arguments.  Therefore, the Court finds that Local Rule 7.1 does not impede it from determining that CP Rail's second Notice of Removal was untimely under 28 U.S.C. § 1446(b).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Emergency Motion to Dismiss Defendant's Notice of Removal as Improvidently Taken." [Docket No. 3.] is **GRANTED**.

  2.  The above-captioned case shall be remanded to the Minnesota Fourth Judicial District for further proceedings.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 22, 2006       <u>s / Michael J. Davis  </u>
                Judge Michael J. Davis
                United States District Court