# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Michael Elm, Deanna Elm, and
Kirk Elm,

                 Plaintiffs,

v.

                                **MEMORANDUM OF LAW**
                                **LAW AND ORDER**
                                Civil File No. 06-1817 (MJD/AJB)

Soo Line Railroad, d/b/a CP
Rail System,

                 Defendant.


_____

Paula M. Jossart, Ronald J. Barczak, Christopher J. Moreland, and Don C. Aldrich, Yaeger Jungbauer & Barczak, PLC, Counsel for Plaintiffs.

Timothy R. Thornton and Scott G. Knudson, Briggs & Morgan, PA, Counsel for Defendant.

_____

      This matter is before the Court regarding Defendant's letter request to file a motion for reconsideration of the Court's May 22, 2006 Order granting Plaintiff's "Emergency Motion to Dismiss Defendant's Notice of Removal as Improvidently Taken." [Docket No. 21.] Defendants assert that the Court erred when it determined that Defendant's removal was improper pursuant to 28 U.S.C. § 1446(b). Defendants request that the Court stay the mailing of a certified copy of the Court's Order and entertain a motion to reconsider. In the alternative,

1

Dockets.Justia.com

Defendant requests that the Court certify the remand issue to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

The Local Rules provide that a motion to reconsider can only be filed with the Court's express permission, and then, only "upon a showing of compelling circumstances." L.R. 7.1(g). The district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). The Court has reviewed its May 22, 2006, Order and concludes that it contains no manifest errors of law or fact.

Defendant argues that because "the order for remand virtually forecloses appellate review," this Court should certify the remand issue as an interlocutory appeal to the Eighth Circuit Court of Appeals. Carlson v. Arrowhead Concrete Works, Inc., No. 05-3100, 2006 WL 1007904, at *3 (8th Cir. Apr. 19, 2006). 28 U.S.C. § 1292(b) governs interlocutory appeals over matters which are otherwise unappealable. It states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Defendant maintains that there are substantial grounds for difference of opinion and that an immediate appeal will advance the termination of the litigation.

2

Certification is appropriate only when the district court is "of the opinion that": (1) the order "involves a controlling question of law"; (2) "there is a substantial ground for difference of opinion"; and (3) certification will "materially advance the ultimate termination of the litigation." <u>Watson v. Phillip Morris Co.</u>, No. 03-519, 2003 WL 23272484, at *22 (E.D. Ark. Dec. 12, 2003) (quoting <u>White v. Nix</u>, 43 F.3d 374, 377 (8th Cir.1994)).

This Court finds that all three elements required by § 1292(b) are not present in this case. The central question considered is whether Defendant may remove this lawsuit to federal court under 28 U.S.C. § 1442(b). The Court determines that certification will not "materially advance the termination of this litigation." A strong consideration in considering a § 1292(b) petition is the policy of "minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." <u>See</u> 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930, p. 439 (2d ed. 1995). That goal would not be advanced here since the parties are currently in the middle of a trial in Minnesota state court. Further, the Court does not deem this case to be one of those "exceptional cases," requiring certification under § 1292(b). <u>See</u> <u>White</u>, 43 F.3d 374 at 376. Accordingly, this Court concludes that certification of the question posed in Plaintiffs,' "Emergency Motion to Dismiss Defendant's Notice of Removal as Improvidently Taken" for interlocutory appeal is

inappropriate.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

Defendant's May 22, 2006, letter request to file a motion for reconsideration is **DENIED**.

Dated: May 22, 2006                          s / Michael J. Davis

Judge Michael J. Davis
United States District Court

4